UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER LENNON, | : | CIVIL ACTION NO. |
| Plaintiff | : | |
| v. | : | |
| THE UNITED STATES OF AMERICA, CITY OF MILFORD, RITA RENZULLI, XAVIER MOYE, and ALLSTATE FIRE AND CASUALTY INS. CO. | : : : : : | JULY 20, 2018 |

## COMPLAINT

### INTRODUCTION

1. This is an action for personal injuries sustained by Officer Christopher Lennon in multiple motor vehicle accidents occurring on or about August 12, 2016 at approximately 12:20 PM against The United States of America and the City of Milford, his employers on that date, Allstate Fire and Casualty Ins. Co., the Plaintiff's motor vehicle liability insurer on that date, Xavier Moye, and Rita Renzulli.

2. The Plaintiff, Christopher Lennon, is and was at all relevant times a resident of the City of Milford, an employee of the City of Milford serving as a Milford Police Officer, and a Task Force Officer working for the United States of America, Federal Bureau of Investigation, as part of the New Haven Safe Streets Task Force.

Lynch, Traub, Keefe and Errante, P. C.   Attorneys at Law
52 Trumbull Street   P.O. Box 1612   New Haven, Connecticut 06506-1612
Telephone (203) 787-0275   Facsimile (203) 782-0278

C:\Users\elynch\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\T9R355FS\Complaint v all parties except client's UIM 7-20-18.docx

3. The Plaintiff now seeks damages for his personal injuries pursuant to the common law of Connecticut.

## JURISDICTION AND VENUE

4. This Court has jurisdiction as to the United States of America pursuant to 28 U.S.C. § 1346 (b) and The Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

5. This Court has supplemental jurisdiction as to the remaining Defendants pursuant to 28 U.S.C. § 1367, in that the acts or omissions complained of against them arise out of or are part of the same transaction, occurrence, or controversy.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1402 (b) of the Federal Tort Claims Act in that the Plaintiff resides in Connecticut and the acts or omissions complained of herein occurred in Connecticut. Xavier Moye and Rita Renzulli reside in Connecticut. The City of Milford is a Connecticut municipality, and Allstate Fire and Casualty Ins. Co. issued a motor vehicle liability policy to the Plaintiff in Connecticut.

7. Pursuant to 28 U.S.C. § 2401, this claim was originally presented in writing to the Federal Bureau of Investigation within two years of the acts or omissions complained of.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\USERS\ELYNCH\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\T9R355FS\COMPLAINT V ALL PARTIES EXCEPT CLIENT'S UIM 7-20-18.DOCX

8. On or about June 4, 2018, Plaintiff's counsel received, via certified mail, a written notice of final denial of the claim that had been submitted to the Federal Bureau of Investigation on the Plaintiff's behalf.

## COMMON ALLEGATIONS

9. At all relevant times, Milford Circle, previously known as Ring Road, was a public street and/or roadway in Milford, Connecticut, which generally circled the Connecticut Post Mall, and adjoining parking lots and parking structures, located at 1201 Boston Post Road, Milford, Connecticut.

10. On August 12, 2016, Christopher Lennon was working as a Task Force Officer for the Federal Bureau of Investigation's New Haven Safe Streets Task Force, and in that capacity was on loan from the Milford Police Department to the Federal Bureau of Investigation.

11. On August 12, 2016, at approximately 12:20 PM Christopher Lennon was operating an unmarked Nissan Altima, and was following a suspected stolen Honda CRV, which had exited Interstate 95 Southbound, and entered a parking structure adjacent to Milford Circle.

12. At all relevant times, the suspected stolen Honda CRV was being operated by Defendant Xavier Moye.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\USERS\ELYNCH\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\T9R355FS\COMPLAINT V ALL PARTIES EXCEPT CLIENT'S UIM 7-20-18.DOCX

13. At that same time and place, the Xavier Moye encountered a marked Milford Police vehicle, and failed to stop, coming into contact with that vehicle, and thereafter continued onto a ramp that was used to exit the parking structure and enter Milford Circle.

14. Then and there, suddenly and without warning, the Xavier Moye stopped, and the front of Christopher Lennon's vehicle came into contact with the rear of the Honda CRV in a violent and forceful collision.

15. Thereafter, the Honda CRV continued approximately westbound onto Milford Circle and entered a parking lot located approximately thereat.

16. At that same time and place, the Honda CRV continued to fail to stop and the front of Christopher Lennon's vehicle again came into violent and forceful contact with the driver's side of the Honda CRV in a violent and forceful collision.

**FIRST CAUSE OF ACTION: ON BEHALF OF CHRISTOPHER LENNON AS TO XAVIER MOYE FOR NEGLIGENCE**

17. Paragraphs one through sixteen are incorporated herein by reference as if fully and completely realleged.

18. At all relevant times, the first collision between Christopher Lennon's vehicle and Xavier Moye's vehicle was a direct and proximate result of the negligence and carelessness of Xavier Moye in one or more of the following ways, in that he:

   a. Failed to stop for a marked police cruiser;

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\USERS\ELYNCH\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\T9R355FS\COMPLAINT V ALL PARTIES EXCEPT CLIENT'S UIM 7-20-18.DOCX

   b. Stopped when it was not safe to do so;

   c. Stopped in violation of applicable traffic laws and/or without regard for the safety of others;

   d. Failed to keep his vehicle under proper and reasonable control;

   e. Failed to keep alert and awake in the operation of his motor vehicle;

   f. Failed to turn his vehicle to the left or to the right in order to avoid the collision;

   g. Failed to apply his brakes in sufficient time or in sufficient fashion so as to avoid the collision;

   h. Failed to honk his horn or provide the Plaintiff with any warning whatsoever of the impending collision; and/or

   i. Failed to take other reasonable and appropriate measures to prevent the accident.

19. At all relevant times, the second collision between Christopher Lennon's vehicle and Xavier Moye's vehicle was a direct and proximate result of the negligence and carelessness of Xavier Moye in one or more of the following ways, in that he:

   a. Failed to grant the right of way to the vehicle being operated by the Plaintiff in violation of the common-law;

   b. Moved his vehicle from a stopped position when it was not safe to do so in violation of General Statutes § 14-243;

   c. Moved his vehicle from a stopped position when it was not safe to do so in violation of the common-law;

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\USERS\ELYNCH\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\T9R355FS\COMPLAINT V ALL PARTIES EXCEPT CLIENT'S UIM 7-20-18.DOCX

d. Failed to grant the right of way to the vehicle being operated by the Plaintiff in violation of the common-law;

e. Failed to keep his vehicle under proper and reasonable control;

f. Failed to keep alert and awake in the operation of his motor vehicle;

g. Failed to turn his vehicle to the left or to the right in order to avoid the collision;

h. Failed to apply his brakes in sufficient time or in sufficient fashion so as to avoid the collision;

i. Failed to honk his horn or provide the Plaintiff with any warning whatsoever of the impending collision; and/or

j. Failed to take other reasonable and appropriate measures to prevent the accident.

20. As a direct and proximate result of the different aforementioned instances of negligence and carelessness of Xavier Moye, Christopher Lennon suffered serious and painful personal injuries, some or all of which may be permanent in nature, including, but not limited to, the following:

a. Injury to the cervical spine;

b. Injury to the lumbar spine;

c. Herniated disc at L4-L5;

d. Injury to the left knee; and

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\USERS\ELYNCH\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\T9R355FS\COMPLAINT V ALL PARTIES EXCEPT CLIENT'S UIM 7-20-18.DOCX

      e. Associated pain and suffering.

21. As a direct and proximate result of the different aforementioned instances of negligence and carelessness of Xavier Moye, Christopher Lennon incurred expenses for medical care and treatment, including medication, x-rays, diagnostic testing, treatment and therapy, all of which has caused him and will continue to cause him financial loss and damage.

22. As a direct and proximate result of the different aforementioned instances of negligence and carelessness of Xavier Moye, Christopher Lennon suffered mental frustration, stress, and anguish over the fact that he was and remains injured.

23. As a direct and proximate result of the different aforementioned instances of negligence and carelessness of Xavier Moye, Christopher Lennon has suffered and will continue to suffer in the future from a decrease in his capacity to engage in and enjoy life's activities as he was able to do prior to the aforementioned collisions and resulting injuries.

### SECOND CAUSE OF ACTION: ON BEHALF OF CHRISTOPHER LENNON AS TO RITA RENZULLI FOR NEGLIGENCE

24. Paragraphs one through sixteen are incorporated herein by reference as if fully and completely realleged.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\USERS\ELYNCH\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\T9R355FS\COMPLAINT V ALL PARTIES EXCEPT CLIENT'S UIM 7-20-18.DOCX

25. At all relevant times, the Honda CRV being driven by Xavier Moye was leased by Rita Renzulli.

26. At all relevant times, the aforementioned collisions between Christopher Lennon's vehicle and the vehicle being operated by Xavier Moye were a direct and proximate result of the negligence and carelessness of Rita Renzulli, in one or more of the following ways, in that she:

   a. Failed to secure her motor vehicle to prevent unauthorized drivers from operating it, including the act of leaving a key in the vehicle, knew or should have known that it was unreasonable to leave said vehicle unsecured;

   b. Left the keys to the motor vehicle in an unsecured and or visible location so that they could be readily and easily accessed by unauthorized drivers; and/or

   c. Failed to take other reasonable and appropriate measures to ensure that said motor vehicle was not accessed by unauthorized drivers;

27. As a direct and proximate result of the aforementioned negligence and carelessness of Rita Renzulli, Christopher Lennon suffered serious and painful personal injuries, some or all of which may be permanent in nature, including, but not limited to, the following:

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\USERS\ELYNCH\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\T9R355FS\COMPLAINT V ALL PARTIES EXCEPT CLIENT'S UIM 7-20-18.DOCX

   a. Injury to the cervical spine;

   b. Injury to the lumbar spine;

   c. Herniated disc at L4-L5;

   d. Injury to the left knee; and

   e. Associated pain and suffering.

28. As a direct and proximate result of the different aforementioned instances of negligence and carelessness of Rita Renzulli, Christopher Lennon incurred expenses for medical care and treatment, including medication, x-rays, diagnostic testing, treatment and therapy, all of which has caused him and will continue to cause him financial loss and damage.

29. As a direct and proximate result of the different aforementioned instances of negligence and carelessness of Rita Renzulli, Christopher Lennon suffered mental frustration, stress, and anguish over the fact that he was and remains injured.

30. As a direct and proximate result of the different aforementioned instances of negligence and carelessness of Rita Renzulli, Christopher Lennon has suffered and will continue to suffer in the future from a decrease in his capacity to engage in and enjoy life's activities as he was able to do prior to the aforementioned collisions and resulting injuries.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\USERS\ELYNCH\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\T9R355FS\COMPLAINT V ALL PARTIES EXCEPT CLIENT'S UIM 7-20-18.DOCX

### THIRD CAUSE OF ACTION: ON BEHALF OF CHRISTOPHER LENNON AS TO THE UNITED STATES OF AMERICA FOR PERSONAL INJURY AND UNINSURED MOTORIST BENEFITS

31. Paragraphs one through sixteen are incorporated herein by reference as if fully and completely realleged.

32. Paragraphs seventeen through twenty three of Count One are incorporated herein by reference as if fully and completely realleged.

33. At all relevant times, Christopher Lennon was working as a Task Force Officer for the New Haven Safe Streets Task Force under the purview of the Federal Bureau of Investigation, a Bureau of the Department of Justice of the United States of America.

34. At all relevant times, as an entity operating motor vehicles in the State of Connecticut, the Federal Bureau of Investigation was subject to the mandatory security requirements imposed by General Statutes § 38a-371.

35. At all relevant times, as an entity operating motor vehicles in the State of Connecticut, the Federal Bureau of Investigation was also subject to the mandatory minimum uninsured/underinsured motorist benefits coverage required by General Statutes § 38a-336.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\USERS\ELYNCH\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\T9R355FS\COMPLAINT V ALL PARTIES EXCEPT CLIENT'S UIM 7-20-18.DOCX

36. On information and belief the Federal Bureau of Investigation did not provide for mandatory security requirements as provided by § 38a-371 or mandatory uninsured/underinsured motorist benefits as required by General Statutes § 38a-336.

37. On information and belief, at all relevant times, Xavier Moye was not insured and Rita Renzulli was either not insured or underinsured.

38. Failing to provide insurance, the United States of America is liable to the Plaintiff for his aforementioned injuries and losses as are not covered by insurance, or for which there is insufficient insurance coverage.

### FOURTH CAUSE OF ACTION: AS TO CITY OF MILFORD
### FOR UNINSURED MOTORIST BENEFITS

39. Paragraphs one through sixteen are incorporated herein by reference as if fully and completely realleged.

40. Paragraphs seventeen through twenty three are incorporated herein by reference as if fully and completely realleged.

41. At all relevant times, the Defendant, City of Milford, was a municipal corporation in Connecticut.

42. At all relevant times, the Plaintiff was employed as a police officer with the city of Milford.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\USERS\ELYNCH\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\T9R355FS\COMPLAINT V ALL PARTIES EXCEPT CLIENT'S UIM 7-20-18.DOCX

43. At all relevant times, the City of Milford was obligated by General Statutes §§ 38a-371 and 38a-336 to provide uninsured and underinsured motorist benefits on vehicles it operated, or which were being operated by its employees.

44. On information and belief, at all relevant times, Xavier Moye was not insured and Rita Renzulli was either not insured or underinsured.

45. At all relevant times, the City of Milford was liable to Christopher Lennon for uninsured and/or underinsured motorist benefits for his aforementioned injuries and losses.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\USERS\ELYNCH\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\T9R355FS\COMPLAINT V ALL PARTIES EXCEPT CLIENT'S UIM 7-20-18.DOCX

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court grant the Plaintiff the following relief:

1. Damages to the full extent allowable under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

2. Compensatory damages against the other defendants;

3. Damages for uninsured motorist coverage;

4. Damages for underinsured motorist coverage;

5. Such other relief as the Court deems equitable and just.

DATED: 7/20/18

RESPECTFULLY SUBMITTED

BY /s/ Marisa Bellair
MARISA A. BELLAIR, ESQ.
DANIEL P. SCHOLFIELD, ESQ.
LYNCH, TRAUB, KEEFE & ERRANTE
52 Trumbull Street
New Haven, CT 06510
**Attorney for Plaintiff**

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\USERS\ELYNCH\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\T9R355FS\COMPLAINT V ALL PARTIES EXCEPT CLIENT'S UIM 7-20-18.DOCX